## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAWN K. CARTER,
         Appellant,

      v.

UNITED STATES POSTAL SERVICE,
         Agency.

DOCKET NUMBER
AT-0752-13-3703-I-1

DATE: September 9, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shawn K. Carter, Maryville, Tennessee, pro se.

Keyur S. Shah, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed by nearly 7 months with no good cause shown for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed this appeal with the Board's Atlanta Regional Office on August 19, 2013. Initial Appeal File (IAF), Tab 1. He claimed to be challenging both a suspension and his removal from the position of city carrier. *Id.* at 2-3. The administrative judge docketed a separate appeal concerning each action. This appeal concerns the appellant's removal for improper conduct and lack of candor.[2]

¶3 After affording the parties notice of and an opportunity to address the pertinent issues concerning the timeliness of this appeal, IAF, Tab 9, the administrative judge dismissed the appeal as untimely filed with no good cause shown for the delay, IAF, Tab 15, Initial Decision (ID). Specifically, the administrative judge found as follows:

- By letter dated December 18, 2012, the agency notified the appellant that he would be removed from his position effective December 22, 2012, and that

---

[2] The Board issued a separate decision addressing the appellant's petition for review of the administrative judge's initial decision in the suspension appeal, *Carter v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-3701-I-1.

he could file a Board appeal within 30 calendar days of the effective date of his removal.  ID at 2; IAF, Tab 6 at 99.

- The appellant's union filed a grievance challenging the removal on December 21, 2012, and expressly acknowledged that the appellant had received the agency's decision letter that day.  ID at 2; IAF, Tab 6 at 45.

- The grievance proceeded to arbitration, and the arbitrator denied the grievance on July 19, 2013.  ID at 2; IAF, Tab 6 at 23.

- On August 6, 2013, the agency issued a Postal Service (PS) Form 50 documenting the appellant's separation from its rolls effective July 19, 2013.  ID at 2; IAF, Tab 13 at 2.

- The appellant filed this appeal on August 19, 2013.  ID at 2; IAF, Tab 1.

- Under 5 C.F.R. § 1201.22, the appellant should have filed his appeal no later than January 21, 2013,[3] which was 30 days after the effective date of his removal, and thus his appeal was nearly 7 months late.  ID at 3.

- The appellant's decision to pursue a grievance regarding his removal did not extend the time limit for filing a Board appeal or constitute good cause to waive the time limit under the circumstances.  ID at 4-5.

¶4      On review, the appellant briefly asserts, "At no time since I've been off work has any correspondence from the post office had or referred to the mspb [sic] board what so ever."  Petition for Review (PFR) File, Tab 1 at 2.  He further repeats his argument that he filed his Board appeal on August 19, 2013, just 3 days after he received the PS Form 50 documenting his separation effective July 19, 2013.[4]  *Id.*; IAF, Tab 13.

---

[3] Because January 21, 2013, was a federal holiday, the appellant would have had until Tuesday, January 22, 2013, to file his appeal.  *See* 5 C.F.R. § 1201.23.  This 1-day difference is immaterial here given the appellant's filing delay of nearly 7 months.

[4] The appellant also makes arguments regarding the merits of the agency's removal action, but such arguments are immaterial to the issue of the timeliness of his appeal.  *See, e.g.*, *Criddell v. U.S. Postal Service*, 60 M.S.P.R. 30, 34 (1993).

¶5        The appellant's brief and general assertions fail to show any error in the initial decision. Significantly, his statements on review are consistent with the findings that he received the December 18, 2012 decision on December 21, 2012, and that the contents of that decision correctly informed him of his Board appeal rights.[5] He claims that "[a]t no time since I've been off work" has he received documentation from the agency referring to the Board, PFR File, Tab 1 at 2, but he does not clarify when he is considering himself "off work" for purposes of this statement. He has submitted documentation that he remained in a pay status until February 2012, IAF, Tab 13 at 2, and has argued that he should not be deemed separated from the agency until July 19, 2013, *id.* at 1. Thus, his statement on review is not the equivalent of a statement denying receipt of the agency's decision on December 21, 2012. He has also submitted documentation showing that his union made specific arguments based on his actual receipt of the agency's decision on December 21, 2012. IAF, Tab 10 at 1-6. In these circumstances, the appellant has not shown that there is a dispute of fact over whether he received the decision letter on December 21, 2012. *See Price v. U.S. Postal Service*, 98 M.S.P.R. 25, ¶¶ 8-10 (2004) (finding that the appellant failed to demonstrate good cause for the untimely filing of his petition for review because, among other things, his claim that he was not notified of his appeal rights was speculative, inherently incredible, insufficiently explained, and inconsistent with his other allegations), *aff'd*, 137 F. App'x 335 (Fed. Cir. 2005).

¶6        Further, the appellant has not disputed the finding that the December 18, 2012 decision contained accurate notice of the time limit for filing a Board appeal. *See* ID at 3; PFR File, Tab 1. The decision contained an explicit

---

[5] The appellant has had clear notice of the need to address these issues but has not done so. For instance, the agency's motion to dismiss contained extensive arguments on these issues, IAF, Tab 6 at 13-17, which he did not rebut in any specific way, *see* IAF, Tabs 10, 13. Further, despite the administrative judge's specific analysis of these issues in the initial decision, ID at 5 n.1, the appellant has not specifically an addressed them on review.

discussion of his right to pursue both a grievance and a Board appeal simultaneously. IAF, Tab 6 at 99-101. The decision expressly stated that the pursuit of his grievance would not extend the time limit for filing a Board appeal and that he had no right to appeal the resolution of the grievance to the Board. *Id.* at 99. Receipt of such clear notice will generally preclude an appellant from establishing good cause for untimely filing based on a lack of notice. *See Muse v. U.S. Postal Service*, 82 M.S.P.R. 164, ¶¶ 10-11 (1999); *Allison v. U.S. Postal Service*, 81 M.S.P.R. 335, ¶ 13 (1999), *aff'd*, 232 F.3d 908 (Fed. Cir. 2000) (Table). Given this clear notice of his appeal rights, the appellant's incorrect view that the time limit would not begin to run until his receipt of the PS Form 50 memorializing his separation is not a basis for excusing the significant filing delay of nearly 7 months. *See, e.g.*, *McNeil v. U.S. Postal Service*, 98 M.S.P.R. 18, ¶ 9 (2004) (the time limit for filing an appeal generally begins to run from the effective date contained in the U.S. Postal Service's decision notice, not the date when the employee is eventually separated from the U.S. Postal Service's rolls).

¶7        After considering the entire record in this matter, we conclude that the appellant has failed to establish a dispute as to material facts regarding the timely filing of his appeal or good cause excusing his late filing, and thus the administrative judge properly dismissed this appeal without holding a hearing. *See Stout v. Merit Systems Protection Board*, 389 F.3d 1233, 1241 (Fed. Cir. 2004).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.